JUSTICE TRIEWEILER
concurring in part and dissenting in part.
I concur with the majority’s conclusions that it was reasonable to include Stephen’s stock in the marital estate and divide it between the parties; the District Court’s valuation of the stock was not clearly erroneous; and the District Court did not err by awarding attorney fees, even though they were not specifically sought by the pleadings.
*130 I dissent from the part of the majority opinion which affirms the District Court’s judgment ordering that a cash settlement be paid to Judith in lieu of her share of the marital estate’s stock in Taylor Honey, Inc.
I conclude that the only reasonable way to distribute the value of the stock is an in-kind distribution. If the stock has a marketable value, then Judith can sell it as well as Stephen. If the stock is not marketable, then Stephen cannot convert it to cash any more than Judith, and there was no evidence that he had any other assets, nor sufficient income with which to pay Judith $109,000 in cash at the rate of $25,000 per year.
Excluding the shares in Taylor Honey, Inc., Stephen was awarded property from the marital estate with a net value of $2876. There was no evidence that he had any other property.
His net yearly income, after payment of federal and state taxes, is $21,538. However, from that income he has a yearly child support obligation of $6742, leaving him approximately $14,000 per year with which to pay all of his living expenses.
The family residence was awarded to Judith, so presumably Stephen will have to pay for other living arrangements out of the remaining disposable income that he has.
Only four witnesses testified regarding the value or transferability of the stock in the family business. Both Stephen and his father testified that there was no market for the stock.
Stephen’s expert witness, Dan Vuckovich, testified that he doubted the stock was marketable. Even Judith’s expert, Nicholas Bourdeau, denied that he had come to any conclusion that the stock could be sold.
The predicament in which Stephen is left by the District Court’s judgment is compounded by the fact that the District Court accepted the appraisal from Judith’s expert, which was based on the value of the business assets. The only way for Stephen to obtain the cash with which to satisfy the District Court’s decree would be to sell the business assets, or some portion of them. There was no evidence that the business could continue to generate the kind of income which is necessary for Stephen to pay child support and his own living expenses if he is forced to sell off some of the assets which are necessary to generate business income.
Maybe the majority and the District Court are aware of some means by which Stephen can raise $25,000 a year to satisfy the District Court decree and still meet his child support obligation and pay his own living expenses. However, I have been unable to make *131 that determination from anything that is found in the record on appeal.
Therefore, I conclude that there was no substantial evidence to support the District Court’s judgment that $109,000 in cash should be paid to Judith in lieu of her interest in the stock in Taylor Honey, Inc., that was included in the marital estate.I would reverse that part of the District Court judgment and remand for purposes of amending the decree to award Judith the appropriate number of shares in the family corporation.